CITY OF ST. LOUIS v. LAWTON et al.; ST. LOUIS FAIR ASSOCIATION, Appellant.

**Division One, June 15, 1905.**

1. **APPEAL: Matters Reviewable.** No action of the trial court is reviewable on appeal unless it was presented to the trial court in the motion for a new trial or in the motion in arrest, or unless it appears on the face of the record proper.

2. ———: ———: **Rulings at Prior Term: Condemnation.** The action of the trial court in setting aside the report of the commissioners in a condemnation proceeding and appointing a new commission cannot be preserved for review by a bill of excep-

tions filed at a subsequent term. When the prior term closed and no bill of exceptions were filed during that term, or within the extension of time then granted, the appellant cannot incorporate into a bill of exceptions filed at a subsequent term exceptions taken to the action of the court at the prior term. Those exceptions should have been preserved in a timely term bill.

3. ———: ———: ———: ———: Abandonment: Motion for New Trial. A motion for a new trial should be based on what occured at the trial. So that, where, in a proceeding to open a street, the municipal assembly disapproved of the commissioners' report and thereupon the court appointed a new commission, and on the coming in of their report the land-owner filed an exception thereto to the effect that the failure of the municipal assembly in disapproving the report of the first set of commissioners operated as an abandonment of the proceeding, and the court overruled that exception, and no bill of exceptions was filed by the land-owner thereto at that term, and at a subsequent term the trial was had, the point is not preserved for review by incorporating into the motion for a new trial filed at the trial term the action of the court in overruling the exception made at the previous term.

4. ———: ———: Condemnation: Overruling Exceptions: Record Proper. Where the order overruling the land-owner's exceptions to the appointment of commissioners in a proceeding to open a street, contains no finding or recital of fact or reason why the exceptions were overruled, the reason for that ruling does not appear on the face of the record proper, and hence the appellate court cannot assume that its reason was that the city had not already abandoned the proceeding, and then proceed, as a matter appearing on the face of the record, to review that ruling.

5. STREETS: Condemnation: St. Louis: Charter: Commissioners' Report: Disapproval. The disapproval by the Municipal Assembly of St. Louis of the report of commissioners appointed to assess damages and benefits in a proceeding by the city to open a street, does not of itself dismiss the suit when that fact is brought to the attention of the trial court. The charter does not say what effect the disapproval of the report by the Municipal Assembly shall have.

6. ———: ———: Jury Trial. The modification by the court of the commissioners' report, in a proceeding to open a street, by cutting down the benefit assessed against appellant and adding the same amount to that assessed against the city, is not a usurpation of the land-owner's constitutional right to have his damages assessed by a jury or a commission of freeholders.

St. Louis v. Lawton.

Under the charter of St. Louis, which requires the court "to make such order therein as right and justice may require," the court was authorized to modify the benefit assessments.

7. ——: ——: **Unjust Award.** Appellant contends that the general result of the trial court's action was to give it one dollar as compensation for a strip of land thirty feet wide and more than nine hundred feet long, taken for a street in a populous city, and to tax his adjoining property with more than $3,000 benefits. *Held*, that if that were all the facts the appellate court would not permit the judgment to stand; but the evidence tending to show that the strip had been used as a public street or road for nearly forty years, and that in this proceeding a strip about sixty feet wide was taken from other property-owners to make the street, along the boundary of land belonging to appellant in an already thickly settled portion of the city, there is nothing in the facts of the case so shocking as to authorize an appellate court to invade the realm of the trial court on a question of fact.

Appeal from St. Louis City Circuit Court.—*Hon. Selden P. Spencer*, Judge.

AFFIRMED.

*Sears Lehmann* for appellant; *Boyle, Priest & Lehmann* of counsel.

First. The proceedings of the second commissioners were void because they were without warrant of law. (1) The right of eminent domain is construed with the utmost strictness. Ells v. Railroad, 51 Mo. 200; Belcher Sugar Co. v. Grain Co., 82 Mo. 121; State v. Farrelly, 36 Mo. App. 282. (2) The statute authorizing it must be strictly adhered to, and every prerequisite to the exercise of jurisdiction observed. Leslie v. St. Louis, 47 Mo. 474; Belcher Sugar Co. v. Grain Co., 82 Mo. 121; St. Louis v. Gleason, 89 Mo. 67; State v. Farrelly, 36 Mo. App. 282; Fore v. Hope, 48 Mo. App. 254. (3) When a corporation which institutes condemnation proceedings withdraws those proceedings after a report of the commissioners has been filed, it cannot institute new proceedings and have new commissioners

make a new report. St. Joseph v. Hamilton, 43 Mo. 28; Rogers v. St. Charles, 3 Mo. App. 41; O'Neil v. Freeholders, 41 N. J. L. 161; State v. Halstead, 39 N. J. L. 640; State ex rel. v. Keokuk, 9 Iowa 438. Much less can the city of St. Louis do so, since it is expressly prohibited from so doing in its charter, which is to be strictly construed against it. Art. 6, sec. 9, Scheme and Charter of St. Louis, R. S. 1899, p. 2510. (4) The disapproval by the Municipal Assembly of the report of the commissioners, is a discontinuance of condemnation proceedings. O'Neil v. Freeholders, 41 N. J. L. 161; State v. Halstead, 39 N. J. L. 640. Second. The court violated article 2, section 21, of the Constitution, since it modified the report of the commissioners and itself assessed damages for the appropriation of property under the right of eminent domain. Bridge Co. v. Ring, 58 Mo. 491; Bridge Co. v. Schanbacker, 49 Mo. 555; Waterworks v. Woods, 60 Barb. 137; Matter of Claiborne Street, 4 La. Ann. 7. The case of St. Louis v. Buss, 159 Mo. 9, though in some respects contrary to these cases, expressly affirms them in respect to the question of the court's assessing damages for property taken by right of eminent domain.

*Chas. W. Bates* and *C. R. Skinker* for respondent.

(1) The only questions which can be reviewed on appeal are: (a) Those which are raised by the motion for a new trial. Green v. Walker, 99 Mo. 68; Baker v. Railroad, 107 Mo. 230; State v. Reed, 154 Mo. 122; Hamman v. Central, etc., Co., 156 Mo. 232; Kansas City v. Bacon, 157 Mo. 450; Rivers v. Blom, 163 Mo. 442; Redman v. Adams, 165 Mo. 60; Needles v. Ford, 167 Mo. 495; Kansas City v. Mastin, 169 Mo. 80. (b) Or, such as are raised by a motion in arrest. Chapman v. White, 52 Mo. 179; Edwardson v. Garnhart, 56 Mo. 81; Needles v. Ford, 167 Mo. 513; Drainage District v. Campbell, 154 Mo. 161; Riley v. Grand Island Recvrs.,

72 Mo. App. 280. (c) Or such as are apparent upon the face of the record proper. Railroad v. Carlisle, 94 Mo. 166; Roberts v. Jones, 148 Mo. 368; State v. Moore, 156 Mo. 135; Land Co. v. Bretz, 125 Mo. 418; Kansas City v. Mastin, 169 Mo. 80; St. Joseph v. Crowther, 142 Mo. 155. (2) The question whether or not the failure of the Municipal Assembly to approve the first report of the commissioners in this cause amounts to a dismissal of the cause, is not raised by the motion for new trial; nor is it raised by a motion in arrest, since no such motion was filed. These exceptions were in the nature of a motion to set aside the judgment of the commissioners, and such a motion is matter of exception, and must be preserved by motion in arrest or motion for new trial. Hart v. Walker, 31 Mo. 26; Seafield v. Bohne, 169 Mo. 537; Loudon v. King, 22 Mo. 336; Drainage District v. Campbell, 154 Mo. 161; Critchfield v. Linville, 140 Mo. 191. This question is not apparent on the face of the record proper, since it was raised by appellant's exceptions to the first report of the commissioners, which are not a part of the record proper. Roberts v. Jones, 148 Mo. 368. The point does not arise on the record proper, but must be called to the attention of the trial court by appropriate motion preserved in the bill of exceptions, else it will not be reviewed on appeal. Critchfield v. Linville, 140 Mo. 191; Windes v. Earp, 150 Mo. 600. (3) The court may on the hearing of exceptions to the commissioner's report, under article 6, section 7 of the charter of respondent in force at the time, modify the assessment of benefits as contradistinguished from the award of damages contained in the report, in such manner as was done in the present case. St. Louis v. Buss, 159 Mo. 9. (4) If the question whether the court was not warranted by law in appointing the second commission is one which need not be raised by the motion for new trial or in arrest, nevertheless such action of the court is justified by the charter of respondent. Art. 6, sec. 7,

charter. (5) Appellant is in no position at this time to urge that the assessment of damages should have been made in any other way than was done in this case, to-wit, by the court sitting as a jury, since it made no demand at the time for a jury. Drainage District v. Campbell, 154 Mo. 160. (6) The modification of the second resort being a matter within the discretion of the circuit court, will not be held. error since it was made in the exercise of the judicial discretion of that court to make such order in the case as right and justice may require. Art. 6, sec. 7, charter; St. Louis v. Buss, 159 Mo. 9. The order modifying the report of the second commission is not necessarily founded upon any one or more of the grounds urged therefor in exceptions filed to said report by the appellant. It is within the discretion of the circuit court to make such order, upon the hearing of exceptions to the report, as right and justice may require. Art. 6, sec. 7, charter; St. Louis v. Buss, 159 Mo. 9. (7) The constitutional guaranty has, however, been observed, since the damages were assessed by a board of freeholders. Const. art. 2, sec 21; charter, art. 6, secs. 4, 5. (8) No constitutional question arises upon this record. Ash v. Independence, 169 Mo. 77.

VALLIANT, J.—This is a proceeding to open a street, condemning land to be taken for that purpose and assessing benefits. The St. Louis Fair Association is one of the property-owners whose land is taken and is the appellant.

The petition was filed April 24, 1897, commissioners were appointed who filed their report October 24, 1899; time was given to report to the Municipal Assembly, and exceptions to the commissioners' report was filed. It is said in appellant's abstract that on April 30, 1900, during the April term, the city counsellor filed a statement showing that the Municipal Assembly had disapproved of the commissioners' report and that on

the same day the court made an order setting aside the report and appointing a new set of commissioners to make a new assessment of damages and benefits. The order contains no finding or recital of facts as its base, but simply sets aside the report and appoints a new commission. At the October term, 1900, the second set of commissioners filed their report, awarding appellant one dollar damages for the land taken, and assessed against appellant amounts aggregating $4,261.65 for benefits, and against the city, as for benefit to the general public, $100, to which report appellant filed exceptions: first, that the damages assessed in appellant's favor were inadequate; second, the benefit district should have been extended further; third, the benefits assessed against the city were too small; fourth, that the failure of the Municipal Assembly to approve the report of the former commissioners operated as a withdrawal of the proceedings and therefore this report is without warrant of law. The exceptions came on to be heard on evidence at the June term, 1901, when the court sustained the exceptions to the extent of reducing the aggregate assessment of the benefits against the appellant $1,200, and adding that sum to the assessment against the city, and after so modifying the report approved it and rendered final judgment of condemnation of appellant's property accordingly. Appellant in due time filed a motion for a new trial, assigning three grounds: first, error in modifying report and entering judgment thereon; second, under the evidence the exceptions should have been sustained and the report set aside; third, admitting illegal evidence for the plaintiff and excluding legal evidence for the exceptor. The motion was overruled and leave to file bill of exceptions on or before October 7th next was granted, which bill was filed in due time. On the trial the evidence for the exceptor tended to show that the amount of damages assessed were inadequate, and *contra,* for the plaintiff,

that the land proposed to be embraced in the street had in fact already been a public road many years.

I. The first and main proposition of appellant is that the disapproval by the Municipal Assembly of the report of the first set of commissioners was in effect the end of the suit; all that the court did thereafter was outside of its jurisdiction.

The learned counsel on both sides of this controversy are agreed on the proposition that no action of the trial court is reviewable on appeal unless it was presented to the trial court in a motion for a new trial, or a motion in arrest, or unless it appears on the face of the record proper. There was no motion in arrest, but appellant insists that the point was preserved in the motion for a new trial, and also that it is on the face of the record proper.

The only bill of exceptions we have is that which covers the trial at the June term, 1901. The order of the court setting aside the report of the first set of commissioners and appointing a new commission was made at the April term, 1900, and there was no bill of exceptions filed at that term, and no extension of time asked or given to file one. The proceedings of the court at that term were not excepted to. The bill of exceptions taken at the June term, 1901, undertakes to go back to the April term, 1900, and brings into it the order made at that term and says "to which action of the court this exceptor and defendant, the St. Louis Fair Association, then and there duly excepted." But when the April term, 1900, closed and no bill of exceptions was filed then, or within an extension of time then granted, its book was sealed and the party cannot incorporate into a bill of exceptions covering the proceedings of a subsequent term that which should have been preserved in a timely term bill. Therefore the recital in this bill that the party excepted to the ruling of the court at the former term cannot be considered.

Vol 189 mo—31

Appellant contends that this point is preserved in the record in this way: in the exceptions filed to the report of the second commission the fourth ground is that the failure of the Municipal Assembly to approve the report of the first commission operated as a withdrawal of the proceedings, and in the motion for a new trial at the June term, 1901, one of the grounds is that the exceptions should have been sustained. But a motion for a new trial should be based on what occurred at the trial; it cannot go back to the proceedings and rulings of the court at a former term and bring them in to impeach the regularity of the proceedings on the trial under review. If parties submit to the ruling without exception they will be presumed to have acquiesced in it. If the proceedings under this second commission had been entirely satisfactory to appellant it would not have desired to question the authority of the court to appoint a new commission; it cannot acquiesce until the report comes in against it and then go back and object. The point relied on is not preserved in this bill of exceptions.

What is above said relates of course to matters *in pais*; if the alleged infirmity is in the face of the record it needs no bill of exceptions to bring it up for review. Does it appear in the face of the record proper that the court committed error in setting aside the first report and awarding a new appraisement? It is argued for appellant that the court based its order on the action of the Municipal Assembly in refusing to approve the report. But that does not appear on the face of the record proper; the order itself contains no finding or recital of fact, and all reference in this bill of exceptions to what occurred at the April term, 1900, is to be disregarded. There is therefore nothing in the record of which we can take notice that shows any action of the Municipal Assembly in reference to the report of the first commission.

The record proper shows that exceptions were filed

to the report, and the charter provides in such cases (sec. 7, art. 6), that the court shall hear the exceptions and make such order in the case "as right and justice may require, and may award a new appraisement upon good cause shown." There was, therefore, express authority for the court to do just what it did.

Perhaps after what we have said it is unnecessary to consider what would have been the effect of the refusal of the Municipal Assembly to approve the first report, if the record properly showed such refusal, but lest our silence on that point might give a wrong impression we deem it proper to say that whilst the charter (sec. 9, art. 6) requires that opportunity be given the city counsellor to report the matter to the Municipal Assembly "for its information and approval" and that no action be taken on the report by the court until the Municipal Assembly has acted, it does not say what effect the disapproval of the report by the Municipal Assembly shall have. The same section in that connection goes on to say that the city may dismiss or withdraw the proceedings on payment of costs, and when it does so it shall not begin the action again for ten years. That language contemplates a motion by the city in court or before the clerk in vacation to dismiss the suit. In fact when a suit of any character is pending in court it cannot be dismissed by the action of a party outside and independent of the court or its officers. The code of procedure provides how a suit may be dismissed in term or in vacation. [Secs 639 and 797, R. S. 1899.] It may be that the action of the Municipal Assembly in refusing to approve a report would furnish a basis on which to found a motion to dismiss (as to which we express no opinion), but the action itself does not dismiss the suit; the charter might have given it that effect if it had so provided, but it does not so provide. In the next section (10) it is provided that when the report is confirmed and final action taken by the court the result shall be certified to the comptroller and he

shall report it to the Assembly, which at its next session shall make the necessary appropriation, and a failure of the Assembly ''to make such appropriation shall operate as a dismissal of such proceedings, and no future action for such condemnation for a period of ten years,'' etc., showing that the framers of the charter had the subject in mind and if they had intended to make the failure to approve the report of the commissioners a dismissal of the suit they would have said so.

II. Appellant's next point is that the modification by the court of the report of the second commissioners was a usurpation of appellant's constitutional right to have its damages assessed by a jury or a commission of freeholders as declared in section 21, article 2, of the Constitution

No suggestion was made to the trial court that appellant's constitutional rights in that particular were being diregarded, and if there had been, the point would have been conclusively answered in the language of this court in St. Louis v. Buss, 159 Mo. 9. In that case, as in this, the award of the commissioners on the question of damages was not molested, but some changes were made in the benefit assessments. The court construed the section of the charter (sec. 7, art. 6) above referred to and held that under its requirements ''to make such order therein as right and justice may require,'' the court was authorized to modify the benefit assessments and in so doing did not infringe on the party's rights under the clause of the Constitution specified.

Appellant dwells with earnestness on the general result which gives it one dollar for its compensation for a strip of land 30 feet wide and 900 or more feet long and taxes its adjoining property more than $3,000 as for benefits. If that were all there was of it no court would allow such an award to pass into judgment. But there was evidence tending to show that this 30 foot strip had been used as a public street or road from a

date as far back as 1861, and that in this proceeding a strip on the north of it was taken from other property-owners to make this street about sixty feet wide along the north boundary of a large tract of land belonging to appellant in an already thickly settled portion of the city. The modification of the report by the court was, as far as it went, entirely to the advantage of appellant; it reduced the benefit assessments against its property $1,200 and added that sum to the sum the city should pay. We do not see in the facts of the case anything so shocking to the sense of justice as to authorize an appellate court to invade the realm of the trial court on a question of fact.

There is no error in the record. The judgment is affirmed.

All concur, except *Marshall, J.*, not sitting.