JESSIE DORRIS, Respondent, v. TIM DORRIS, Appellant.

Springfield. Court of Appeals, July 7, 1910.

1. **APPEAL AND ERROR: Motion for New Trial: Objections to Instructions.** Where defendant fails to assign as error in his motion for new trial the giving of an instruction on behalf of plaintiff the point is not before the appellate court for review.

2. **REPLEVIN: Sufficiency of Evidence.** In a replevin suit for a saddle, bridle and horse, plaintiff claimed the horse as the property of her deceased husband which came to her as his widow, and the saddle and bridle as a gift from her brother. Defendant claimed to have purchased the property from plaintiff's husband. The verdict gave defendant the horse and plaintiff the saddle and bridle. *Held*, on defendant's appeal, that there was sufficient evidence to sustain the verdict for plaintiff.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley*, Judge.

AFFIRMED.

*Duncan & Bragg* for appellant.

*Brewer & Riley* for respondent.

GRAY, J.—This action was begun on the 7th day of March, 1908, before a justice of the peace in Pemiscot county in replevin for a horse, saddle and bridle. The plaintiff executed the statutory bond and the defendant executed a bond and retained the property. The cause was appealed from the justice court and tried in the circuit court of said county on the 3d day of December, 1908, before a jury, resulting in a verdict and judgment in favor of the plaintiff for the saddle and bridle, and in favor of the defendant for the horse. The defendant appealed.

The testimony in behalf of plaintiff tends to prove that she is the widow of Harry Dorris; that the defendant raised Harry Dorris and at one time they were in partnership in the grocery business; that the horse belonged to Harry Dorris and he delivered it to the defendant, who was to feed and care for it for the use of the animal; that the saddle and bridle at one time belonged to John Stephens, the brother of plaintiff; that about eight months previous to the death of Harry, the property was turned over to defendant, who continued in the possession thereof until this suit was brought; that John Stephens, when he owned the saddle and bridle, loaned them to Harry. After the death of Harry, John Stephens was appointed administrator of his estate and made an inventory of the property and appraised the same as the property of Harry Dorris' estate. After the inventory and appraisement were made, Stephens turned the property over to the plaintiff and she executed to him a receipt therefore as property she was entitled to as the widow of Harry Dorris. During all of this time the property was in the possession of the defendant, who was claiming to own the horse and saddle.

Stephens testified that the saddle and bridle belonged to him and that he gave the same to his sister, the plaintiff herein. The testimony does not show when it was he gave her the property, but he states he turned

it over with the horse, and it may be said that the jury understood, and that he intended that when he turned the saddle and bridle over to Harry, he made Harry's wife a present thereof. On the other hand, it may be he meant that he gave her the saddle and bridle at the time he attempted to turn the horse over to her.

In behalf of the defendant, testimony was offered tending to prove that he purchased the horse and saddle from Harry several months before the latter's death. He did not claim the bridle, although he gave a bond for its delivery.

The plaintiff also offered testimony tending to prove that the defendant, after the time he claims he bought the horse and saddle, said the horse belonged to Harry.

The defendant asked no instructions, but the plaintiff asked and the court gave the following instruction: "The court instructs the jury, if you believe and find from the evidence that the saddle and bridle in controversy in this suit were in the lifetime of Harry Dorris, the husband of plaintiff herein, the property of the plaintiff, Jessie Dorris, then the said Harry Dorris as the husband of the plaintiff could not sell, transfer and convey the property belonging to his wife without the consent in writing of his said wife permitting him so to do, and unless you so find from the evidence your finding should be for the plaintiff, Effie Dorris, for said saddle and bridle, find the value thereof and assess any damages, if any, to said plaintiff for injury to such property."

The court also instructed the jury for the plaintiff, that if the property belonged to Harry Dorris at the time of his death, and if the administrator turned the same over to plaintiff as a part of the property she was entitled to as the widow of Harry Dorris, the finding should be for the plaintiff.

The court on its own motion, gave the jury an instruction to the effect that if the horse sued for was

sold by Harry Dorris to the defendant, a finding should be for the defendant as to the horse.

In the defendant's motion for new trial, no objection is found against the action of the court in giving instructions in behalf of plaintiff, and therefore, that point is not before us. [City of St. Louis v. Lawton, 189 Mo. 474, 88 S. W. 80; Grishan v. Ins. Co., 130 Mo. App. 57, 109 S. W. 96.]

The motion for new trial, however, does complain of the action of the court in giving the instruction on its own motion. We do not find any fault in that instruction. As heretofore stated, it told the jury that if the defendant purchased the horse from Harry Dorris during his lifetime, then plaintiff was not entitled to recover the horse. The fact that the court did not include the saddle in this declaration of law, was not error under the circumstances.

The plaintiff was not claiming the horse except as the widow of her husband, while the saddle and bridle were claimed as a gift from her brother.

The plaintiff insists that there is no evidence to support the finding of the jury as to the saddle. If the saddle at no time belonged to plaintiff's husband, then the defendant did not get a good title to it on a purchase from him unless he was an innocent purchaser for value in good faith, believing that Harry owned the property. And if this question had been submitted to the jury on proper instructions asked by the defendant, and the finding had been in his favor, it would have been sustained by abundant testimony, but the defendant offered no instructions, and as the action of the court relating to plaintiff's instructions (for reasons above given) is not before us for review, and as there is some evidence supporting plaintiff's claim, it is our duty to affirm the judgment. [Bond v. Railroad, 110 Mo. App. 131, 84 S. W. 124.] It is so ordered. All concur.