R. S. HANDY, Appellant, v. MARY McCLELLAN et al., Respondents.

Springfield Court of Appeal, May 8, 1911.

1. PRACTICE: Motion for New Trial: Attorney and Client: Professional Ethics. In a motion for a new trial appellant set up and supported the same by evidence that it was impossible for either appellant or his attorney to be in attendance at the time the case was set for trial; that appellant's attorney had an agreement with respondent's attorney to the effect that respondent's attorney would consult with his client, and would either agree to a continuance or notify him that he could not agree in time to prepare for trial; that appellant's attorney had relied upon this agreement and although respondent's attorney had notified him that he could not agree to a continuance yet this notice was received too late for appellant to prepare for trial; that respondents had taken advantage of the absence of appellant and his attorney and obtained judgment against them; that appellant had a meritorious cause of action. Held, that the trial court should uphold the high standard of professional ethics and erred in overruling appellant's motion for a new trial.

2. APPEAL AND ERROR: Applications for Continuance: Motion for New Trial. Appellant had filed an application for a con

tinuance which was overruled, but the action of the court in overruling this application was not alluded to in the motion for a new trial. *Held*, if any error was made in overruling the application for a continuance, that question was not properly before the appellate court for review.

3. ATTORNEY AND CLIENT: Practice: Diligence. It is the duty of counsel to be diligent in the preparation of cases for trial and when a party is shown to have been derelict in that respect the court will always be warranted in refusing to relieve him or his client from the consequences of his own neglect.

4. ATTORNEYS: Professional Ethics: Treatment of Opposing Counsel. Opposing counsel in a case should not only be fair and frank with each other, but they should be generous also, and their high sense of professional honor should make it a matter of extreme concern for each member of the bar to see that opposing counsel is not to any extent misled by his conduct towards him.

5. ATTORNEY AND CLIENT: Professional Ethics: Duty of Court. A litigant is bound by the acts of his attorney. He should recognize the obligations which rest upon his attorney towards opposing counsel and the trial court should see that these obligations are observed.

Appeal from Texas Circuit Court.—*Hon. L. B. Woodside*, Judge.

REVERSED AND REMANDED (*upon conditions*).

*E. H. Farnsworth*, and *Lamar, Lamar & Lamar* for appellant.

(1) An application for a continuance is addressed to the sound discretion of the trial court, but such discretion is judicial and is subject to review on appeal. Distilling Co. v. Van Frank, 80 Mo. App. 50; Alt v. Groseclose, 61 Mo. App. 409; Barnum v. Adams, 31 Mo. 532; Nichols v. Grocer Co., 66 Mo. App. 320; State v. Maddox, 117 Mo. 667; Fuert v. Caster, 174 Mo. 299. (2) The refusal of the court under the circumstances to grant a continuance to plaintiff was an unwise exercise of the court's discretion. The judgment rendered therein was a final judgment and the court's refusal to continue

operated as a denial to the plaintiff of an opportunity of presenting his side of the case. Richardson v. Boyd, 69 Ark. 368, 68 S. W. 868; Watkins v. Ahrens, 38 S. W. 868; Mayton v. Guild (Texas), 28 S. W. 218.

*Dooley, Hiett & Millard* for respondents.

(1) The action of the trial court in overruling plaintiff's application for a continuance was not complained of as error in plaintiff's motion for a new trial, hence cannot be considered in the appellate court. McMurdock v. Kimberlin, 23 Mo. App. 523; Grisham v. Ins. Co., 130 Mo. App. 57; St. Louis v. Lawton, 189 Mo. 474; State v. Scott, 214 Mo. 261; Dorris v. Dorris, 129 S. W. 979. (2) While an application for a continuance is addressed to the sound discretion of the trial court and is subject to review upon appeal, yet such discretion will not be interfered with unless the discretion has manifestly been abused or unwisely exercised. Hurck v. St. Louis Co., 28 Mo. App. 629; Frick Co. v. Marshall, 86 Mo. App. 470; Easton v. Joyce, 85 Mo. App. 433; State v. Banks, 117 Mo. 123; State v. Horn, 209 Mo. 462; State v. Devorss, 221 Mo. 469; Leabo v. Godde, 67 Mo. 126; Valle v. Picton, 91 Mo. 207. (3) The ruling of the court below upon motions for a continuance is seldom interfered with by the appellate court as it is a matter resting in the discretion of the trial court and in every case the ruling of the trial court is entitled to every intendment in its favor. Fredrick v. Rice, 46 Mo. 24; Blair v. Railroad, 89 Mo. 395; King v. Pearce, 40 Mo. 223. (4) Plaintiff was not unavoidably absent from the Texas county circuit court at the March term, 1910, thereof, and even though he had been unavoidably absent, he would not have been entitled to a continuance unless it was made to appear that he was a material witness in his own behalf and that it was impossible to have taken his deposition. Owens v. Tinsley, 21 Mo. 423; Lumber Co. v. Schmidt, 130 Mo. App. 231. (5) Ab-

sence of counsel, although unavoidable, is not sufficient grounds for a continuance or a new trial where it is not shown that had counsel been present, he could have gone to trial or could have presented unquestionable ground for a continuance. Railroad v. Holliday, 131 Mo. 440; Griffin v. Veil, 56 Mo. 310; Jones v. Ins. Co., 55 Mo. 342. The failure of the appellant to prosecute his suit was due solely to his lack of diligence and his own inexcusable negligence and the court did not err in refusing to set aside the default judgment taken against him. (6) Courts will not relieve parties of defaults which are the consequence of their own negligence. Robyn v. Chronicle Pub. Co., 127 Mo. 385; Colter v. Luke, 129 Mo. App. 707; Sigaloff v. Brewing Co., 129 S. W. 526. (7) The setting aside a judgment by default is a matter for the discretion of the trial court and the appellate court will not revise its action in refusing to set aside a default judgment, unless its action shows an abuse of the discretion and that manifest injustice has resulted from its action. Hoffman v. Loudon, 96 Mo. App. 192; Pry v. Railroad, 73 Mo. 123. (8) If plaintiff's failure to prosecute his action is attributable to the negligence of his attorney, still plaintiff would be bound thereby for there is no distinction between the negligence of a party and that of his attorney. Field v. Watson, 8 Mo. 686; Biebinger v. Taylor, 64 Mo. 66; Gehrke v. Jod, 59 Mo. 522.

COX, J.—This is an action in replevin for certain personal property of the value of $350. Plaintiff gave bond and secured possession of the property. The cause was triable at the March, 1910, term of court, at which time, defendant filed an answer which was a general denial. Attorney for plaintiff, being, as he thought, unable to attend that term of court on account of pressing business in another court held at the same time, sent an application for continuance to an attorney at the Texas county court, and had the same filed. This application

was overruled.  Defendant then filed an amended answer asserting ownership of the property in them and asking for a return of the same, and an assessment of its value. The court heard the testimony of defendants, and rendered judgment in their favor.  Plaintiff filed a motion for a new trial, alleging that it was impossible for either plaintiff or his counsel to be in attendance at the time of the trial, and that plaintiff's counsel had been misled by a conversation with counsel for defendants, and had by such conversation, been led to believe that the cause would be continued by consent; also alleged that plaintiff had a meritorious cause of action.  This motion was overruled, and plaintiff has appealed.

The errors assigned are that the court erred in overruling the application for continuance, and in overruling the motion for a new trial.

The action of the court in overruling the application for a continuance is not alluded to in the motion for new trial; Hence, if any error was committed in that respect that question is not properly before us.  [The City of Saint Louis v. Lawton, 189 Mo. 474, 88 S. W. 80; Grisham v. Insurance Co., 130 Mo. App. 57, 109 S. W. 96; Dorris v. Dorris, 149 Mo. App. 107, 129 S. W. 979.]

Neither plaintiff nor his counsel were present at the trial and the motion for new trial sets up the reasons therefor.  The evidence in support of the motion (which was received without objection) shows the following state of facts.  The circuit courts of Texas and Wright counties both convened on the same day for the March, 1910, term.  Plaintiff's counsel and one very important witness for plaintiff were required to attend the Wright county circuit court in several cases.  The plaintiff himself was required to attend Federal Court in Kansas at the same time.  The courts of Texas and Wright counties convened on the first Monday in March, and in January or February prior thereto plaintiff's counsel, who lived at Mountain Grove in Wright county, had a conversation with counsel for defendant in which

Handy v. McClellan.

the inability of plaintiff and his counsel and one very important witness to attend the March term of the Texas county circuit court was fully gone over, and defendant's counsel was also notified that to prepare for the trial plaintiff would be required to take depositions in Nebraska, and he was requested to agree to a continuance of this case. He stated that personally he would be glad to do so and would communicate with his clients who lived in Nebraska, and would either continue the case or notify plaintiff's counsel in time for him to prepare for trial. There was a little variation in the testimony of the parties as to the details of this conversation, but there can be no question that plaintiff's counsel understood it as above outlined. After defendants' counsel heard from his clients he notified counsel for plaintiff that he would not consent to a continuance, but it was then too late for plaintiff to take depositions and prepare for trial. Should the court, upon this showing, have sustained the motion for new trial?

It is the duty of counsel to be diligent in the preparation of cases for trial, and when a party is shown to have been derelict in that respect the court will always be warranted in refusing to relieve him, or his client, from the consequences of his own neglect; while this is true, it is equally true that opposing counsel in a case should not only be fair and frank with each other, but they should be generous also. If, in any case, it should come to the attention of counsel, that opposing counsel had been misled by any statement of his, professional courtesy and that high sense of professional honor which should charcterize all members of the legal profession, should make it a matter of extreme concern for each member of the bar to see that opposing counsel is not to any extent misled by his conduct toward him.

Attorneys are usually willing to make any reasonable agreement with opposing counsel in a case, and when made, to stand by such agreement, and we assume that the reason defendants' counsel did not consent to a

continuance in this case was by reason of the insistence of his clients that the case should proceed to trial. The litigant, however, is bound by the action of his attorney and he should recognize the obligations which rest upon counsel in his case and ought to be willing that those obligations should be sacredly observed, and the trial court should see that they are observed.

In this case, after the conversation between opposing counsel at Mountain Grove, counsel for appellant had the right to assume that the case would be continued, or if not, that he would be notified in time to prepare for trial, and counsel for respondents evidently so understood the matter also, for as soon as he learned that his clients would not consent to a continuance he took steps to notify appellant's counsel of that fact. Then when the affidavit for continuance was filed by appellant's counsel, in which attention was called to the conversation between counsel, respondents' counsel must have understood that appellant's counsel was relying upon the good faith and professional honor of respondents' counsel to secure a continuance, and under those circumstances he would have been justified in withdrawing from the case unless his clients would consent to a continuance.

Appellant's counsel was evidently misled by the statement of respondents' counsel, and while this was not intentional upon the part of counsel for respondents, yet to the end that the high standard of professional ethics between opposing counsel which is so necessary for the orderly conduct and proper disposition of causes, and that due respect for the honor of the profession should be maintained, the court should see that nothing which may detract from that standard should be permitted in the course of a trial.

In a case of this kind involving, to some extent, the question of professional ethics between opposing counsel in the case, the court should be careful to see that the parties litigant and their counsel shall not be per-

mitted to profit by any conduct which carries with it the slighest appearance of unfairness.

When the application for continuance was overruled, and defendants saw that they had plaintiff at their mercy, they amended the answer and changed the issues by asserting ownership in defendant, and then had the full value of the property assessed and took judgment for the return of the property or its value, to-wit: $350, at defendants' option, against plaintiff and his sureties on the replevin bond. This indicates a disposition on the part of defendants' to take advantage of plaintiff in his absence and on a full consideration of the whole case, we are of the opinion that there ought to be a trial of this case upon its merits. We are also of the opinion that to secure a trial on the merits, after what has already transpired, the plaintiff should pay the accrued costs.

If plaintiff shall pay the accrued costs and file in this court, on or before June 10, 1911, the certificate of the clerk of the Texas county circuit court, that money to pay such costs has been deposited with him for that purpose the judgment will be reversed and the cause remanded; otherwise the judgment will be affirmed. All concur.