## JESSIE DORRIS, Respondent, v. TIM DORRIS, Appellant.

**St. Louis Court of Appeals. Argued and Submitted February 2, 1915. Opinion Filed March 2, 1915.**

**APPELLATE PRACTICE: Admission of Evidence: Harmless Error.** In an action of replevin, the admission of plaintiff's account of a conversation between herself, her deceased husband and defendant, concerning the ownership of the chattel in dispute, to which defendant objected on the ground that it was incompetent under the proviso to Sec. 6359, R. S. 1909, if error, was harmless, where defendant was found to be the owner of the chattel.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

*J. E. Duncan* for appellant.

It was error to permit the plaintiff to testify as to the conversation had between her deceased husband and the appellant. R. S., sec. 6359; Cameron v. Moore, 17 Mo. App. 99; Kitchen v. Hawley, 150 Mo. App. 497.

*Brewer & Riley* for respondent.

REYNOLDS, P. J.—This case has been before the appellate ourts for a long time. The appeal having originally been taken to our court, the case was

transferred by us to the Springfield Court of Appeals under the provisions of section 3939, Revised Statutes 1909. That court affirmed the judgment of the circuit court, in an opinion which will be found under the title Dorris v. Dorris, 149 Mo. App. 107, 129 S. W. 979. The Supreme Court having held in State ex rel O'Malley v. Nixon et al., 233 Mo. 345, 138 S. W. 342, and kindred cases, that the section of the statute above referred to was unconstitutional, the judgment of the Springfield Court of Appeals fell and the cause came back to our court. Afterwards, acting under our construction of the Act approved March 21, 1913 (Acts 1913, p. 204), which placed Pemiscot county within the jurisdiction of the Springfield Court of Appeals, we again transferred the cause to that court. The Supreme Court, however, in Mott Store Co. v. St. Louis & S. F. R. R. Co., 254 Mo. 654, 163 S. W. 929, holding that that Act did not have the effect of transferring causes then pending in our court to the Springfield Court of Appeals, the case again came to our court. Here it was briefed and an amended abstract filed by appellant, and after one or more continuances argued by counsel for appellant.

The only new point presented by the amended abstract in appellant's brief which is not covered by the opinion rendered in the Springfield Court of Appeals, is an objection to the testimony of plaintiff, Mrs. Jessie Dorris, widow of Harry Dorris, testifying as to her ownership of the horse in dispute. She gave an account of a conversation between her husband and the defendant, at which all three parties were present, that is herself, her husband and defendant. The defendant objected to the question and answer, after the question had been asked and the answer made, and moved that the answer be stricken out "for the reason it is a conversation had with the plaintiff's deceased husband." Asked what that conversation

188MA32

was, defendant objected "because this is the wife of the deceased and this could only come to her knowledge on account of the relationship existing." The objection was overruled, defendant excepting.

It is true that the proviso to section 6359, Revised Statutes 1909, disqualifies the wife from testifying "to any admission or conversations of her husband, whether made to herself or to third parties." This statute is construed in White v. Chaney, 20 Mo. App. 389, and Johnston v. St. Louis & S. F. R. R. Co., 150 Mo. App. 304, 130 S. W. 413, among other cases. Without going into a discussion of the construction of this proviso of the section, as here applicable, and as touching the competency of the wife to testify to this conversation, it is sufficient to say that as the conversation to which plaintiff testified related entirely to the ownership of the horse, and as the finding as to that ownership is in favor of appellant, the admission of this testimony of the wife certainly had no prejudicial effect as against appellant. If error, it was harmless here.

Other than this we see no substantial difference between the record of the case as presented to us and as it was presented to the Springfield Court of Appeals. We are satisfied to accept the opinion of Judge GRAY, speaking for the Springfield Court of Appeals as a correct statement of the facts and of the law as applicable to the case.

The judgment of the circuit court of Pemiscot county is affirmed. *Nortoni* and *Allen, JJ.,* concur.