## CITY OF ST. LOUIS v. SENTER COMMISSION CO. et al.

No. 8460.

District Court, E. D. Missouri, E. D.

Dec. 30, 1930.

Julius F. Muench, G. Wm. Senn, and J. B. Steiner, all of St. Louis, Mo., for plaintiff.

Homer Hall, of St. Louis, Mo., for defendants.

DAVIS, District Judge.

The matter now before the court arises out of a condemnation suit filed by the city of St. Louis on November 16, 1922, as authorized by Ordinance No. 31656, approved April 18, 1922, which was amended by Ordinance No. 35582, approved January 26, 1927. These ordinances provided in a general way for the widening of Market street from 3rd street westward along Walnut street to 6th street, thence northward to Market street, thence westward along Market street to Vandeventer avenue. The total length of the street widening was something like 3 miles. Market street was by these ordinances to be widened from 60 feet, its present width, to 100 feet. The street throughout its entire length was compactly built up by business property in the main, but to some extent, toward the western end of the improvement, by residences. The proposed improvement extends from the downtown district of St. Louis westwardly immediately in front of the Union Station.

The condemnation suit for this improvement was filed in the circuit court of the city of St. Louis, and on October 29, 1923, commissioners were appointed to assess the damages and benefits in connection with said street widening. The usual notices required by the city charter were issued and the commissioners proceeded in accordance with the charter and ordinances of the city. The commissioners completed their task and filed their report covering damages and benefits on November 20, 1928. The Wabash Railway Company on December 10, 1928, and on December 20, 1928, filed exceptions to approximately eighty-two items of the report. Each of these items have reference to a particular parcel of real property on which the commissioners had assessed benefits. None of the property of the railway company was taken by this improvement, and, consequently, no award of damages was made to this exceptor.

On petition filed by the Wabash Railway Company the condemnation suit was, so far as it affected the Wabash Railway Company, removed to this court. This action was based upon the decision of the Supreme Court in Commissioners of Road Improvement District v. St. Louis Southwestern Railway Company, 257 U. S. 547, 42 S. Ct. 250, 66 L. Ed. 364.

On December 17, 1930, the case came on for hearing in this court and approximately three days were spent in the taking of testimony. The evidence consisted of the ordinance and charter provision, numerous maps, charts, and photographs showing the location, extent, and nature of the proposed improvement, the testimony of several witnesses who described the location and present use of the various pieces of property alleged to have been affected by the widening of Market street; in addition to the foregoing, each side introduced the testimony of real estate operators who expressed their opinion as to whether or not the proposed improvement benefited the various parcels of real estate of the exceptor, and the extent and value of that benefit. The court is thus confronted with the testimony of experts on the one side who find that the improvement has conferred a substantial benefit on each, if not all, of the parcels of property concerning which exceptions are pending; and on the other side with experts who find no benefit resulting to any of the parcels of property. Some of the experts offered by the exceptor did testify that on some of the various parcels the value had become enhanced by reason of the proposed widening of Market street. From this conflicting testimony the court has considered each of the exceptions filed herein.

The report of the commissioners was introduced in evidence, but the court has not attached probative value to the finding of the commissioners, but has treated the case as a proceeding before the court in the first instance. In other words, the hearing has been considered as a trial de novo, which, as we

understand it, is in accordance with the view of the Supreme Court of Missouri in such cases. City of St. Louis v. Schopp et al., 325 Mo. 480, 30 S.W.(2d) 733.

■ The charter of the city of St. Louis, article 21, section 7, provides that the court upon hearing exceptions to the report of commissioners may order a new assessment by commissioners, or it may itself assess benefits anew. The course herein taken has been for the court to reassess the benefits where exceptions have been sustained, rather than to again send the matter to commissioners. The propriety of this action has been repeatedly upheld by the Supreme Court of our state. City of St. Louis v. Lawton, 189 Mo. 474, 88 S. W. 80; Schwab v. City of St. Louis, 310 Mo. 116, 274 S. W. 1058.

Market street, the widening of which is contemplated by the ordinances mentioned herein, runs somewhat parallel to the exceptor's property from 18th street to Vandeventer avenue.

The distance between these points is about 21 city blocks or slightly less than 2 miles.

The proposed street is about 1,900 feet from the exceptor's property at 18th street, and the distance from the street to the exceptor's property, in a general way, gradually lessens toward the west, until Vandeventer avenue is reached where the street and the property of the railway company contact.

Market street as proposed, and now, forms the main avenue of approach to Union Station.

The contemplated widening will terminate at Vandeventer avenue, at which point the exceptor maintains a passenger station, roundhouse, and shops.

Throughout the length of the property referred to in the exceptions, access is afforded to the proposed street by way of connecting streets.

The exceptor's property is used for right of way, switching, and storage tracks, freight platforms, roundhouse, shops, depots, industrial plants with railroad connections. Some of the real estate is vacant.

■ The proposed street affords increased facilities for ingress to and egress from the exceptor's property; makes the said property more convenient to the public; provides easier means of transportation to and from the facilities of the railway; adds to the conveniences of the industries using the exceptor's properties; especially enhances the value of property adjoining and in the vicinity of the improvement; and thereby increases the value of the exceptor's property.

While much of the exceptor's property is used for its own tracks some of it is under lease to other railroads, and to industries of various kinds. It cannot be said that any of the property in question is available for no use other than that to which it is now being put. It is capable of being used, under changed conditions, for other and different purposes.

In considering the testimony the court has been guided by the following further proposition of law.

■■ The court declares the law to be that the plaintiff is not entitled to recover benefits upon any item of property described in evidence unless it has proved to the reasonable satisfaction of the court, by a preponderance of the credible evidence, that such item or items of property received direct, special, and immediate benefit by reason of an increase in the reasonable market value of the property immediately after and solely resulting from the taking effect of said ordinance, and if the plaintiff has failed to so prove, or if the court, as trier of the facts has substantial doubt as to whether any one or more of said items of property has sustained such benefit or increased in value, then the court should find in favor of the exceptor as to any such item or items.

■ The court declares the law to be that if the finding is in favor of the plaintiff as to any of the items of property mentioned in evidence, such finding should be for only such amount as the court believes and finds from the evidence was the direct, special, and immediate increase in the reasonable market value of such property immediately after said ordinance became effective and by reason solely of the taking effect of said ordinance.

The court declares the law to be that the burden rests upon the plaintiff to prove to the reasonable satisfaction of the court, as the trier of the facts, that each of the items of property contained in the exceptions filed (including items Nos. 4012, 4014, and 5796, added to the exceptions by agreement of parties) sustained direct, special, and immediate benefits by reason of increase in the reasonable market value of each of said items of property by reason of the taking effect of the ordinance offered in evidence on May 18, 1922, and if the plaintiff has failed to prove that any one or more of said items of prop-

erty has sustained such direct, special, and immediate benefit, then the finding should be in favor of the exceptor as to any of such items.

The court declares the law to be that the term "fair market value," as used in these declarations of law, means the value or price which the owner of property is willing to accept for his property, not being compelled to sell the same, and the price a buyer is then willing and able to pay for the property, not being compelled to buy the same.

The court declares the law to be that in determining whether any of the items of property mentioned in evidence was benefited or increased in value by reason of and immediately following the taking effect of said ordinance, the court as trier of the facts should not base a finding of benefits upon any speculative or remote possibilities of increase in the reasonable market value of such property, but should consider only such evidence as the court finds and believes is based upon reasonable probability and substantial evidence of a direct, special, and immediate increase in the reasonable market value of such property, immediately after and as the direct and sole result of the taking effect of such ordinance.

The court declares the law to be that in determining what benefits, if any, it will find accrued to any item of property mentioned in evidence, the court should exclude and disregard all consideration of any benefits of a general nature which any of such property sustained in common with property in the city of St. Louis, and all benefit which such property may have received from any source or cause other than the taking effect of said ordinance on May 18, 1922.

The court declares the law of this case to be that in considering and determining what benefits, if any, have accrued to any portion of the exceptor's property in question, the court should take into consideration the fact that this property has for a long time been used and is now being used for railroad purposes and will hereafter in all reasonable probability be so used, and should also take into consideration the fact that under the law, the exceptor owes to the public the continuing obligation to maintain its railroad and cannot voluntarily abandon or discontinue the operation thereof, and that it would be required to secure authority and permission from the Interstate Commerce Commission before it could discontinue the operation of said railroad.